## TOWN OF TOPSHAM *v.* TOWN OF WATERBURY.

January Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 19, 1901.

*Pauper law—Liability of a town for the support of its paupers by another town—If, as is not here decided, a town has a right to determine that it will support one of its paupers within its own limits, as upon its poor farm, and not elsewhere, still such determination will not relieve it from liability for assistance furnished to such pauper in compliance with the statute by another town in which such pauper comes to need, unless upon receiving the required notice from such other town it in return notifies such other town of said determination.*

ASSUMPSIT founded upon V. S. 3171 and 3172 to recover for money expended in the necessary assistance of certain poor persons. The cause was heard upon the report of a referee and the defendant's exceptions thereto in the vacation following the December Term, 1900, of the Orange County Court, before *Watson*, Presiding Judge. Judgment was rendered on the report *pro forma* for the plaintiff. The defendant excepted.

*R. M. Harvey* for the plaintiff.

*E. F. Palmer* for the defendant.

START, J. The action is for the recovery of money expended by the plaintiff in the support of Edward Pero and his family while in the plaintiff town. No question is made but that Pero last resided in the defendant town for three years, supporting himself and family; but the defendant insists that Pero and his family were not poor persons, in need of assistance, within the meaning of the statute, because it had offered to take them to its poor-house and there support them, and this

offer had been declined.    It appears, that, in the spring of 1897, Pero and his family were in the plaintiff town and in need of assistance; that notice of their condition was given to the defendant's overseer of the poor; that he thereupon went to the plaintiff town, and, in the presence of the plaintiff's overseer of the poor, had an interview with Pero and his family and offered to take them to the defendant's poor-house; that the offer was refused; and that a similar offer was made in 1899, but the plaintiff's overseer had no knowledge of this last offer.    After the offer and refusal in 1897, the defendant assumed the duty of supporting Pero and his family, and continued to care for and support them in the plaintiff town until April, 1898, when they moved to the town or Orange, where they were aided by the defendant.    In June, 1899, after they moved from Orange back to the plaintiff town, the defendant aided in their support, and continued to do so until October, 1899, when it entirely ceased to furnish them with support. From November 9, 1899, to the time of bringing this suit, they were in need, and the defendant neglected and refused to support them.    On November 11, 1899, the plaintiff gave the defendant's overseer notice of their condition, and, since that time, the plaintiff has been obliged to and has supported them. It is found that the plaintiff was never notified that the defendant would not support Pero and his family unless they would move, or allow themselves to be moved, to the defendant town; and that the plaintiff had no knowledge or notice that the defendant had refused to support them on the ground that they would not so remove.    It is found, that the defendant's overseer did not demand, as a condition for the support of Pero, that he remove to the defendant town, but simply requested him to do so; that this talk with him only amounted to an expression of a desire that he do so; and that no notice of such a determination by the defendant was given to the plaintiff.

The undisclosed intention of the defendant not to longer support Pero and his family outside of the defendant town is not a defence to this action. When Pero and his family came to want, and were in need of assistance in the plaintiff town, it was the duty of the plaintiff's overseer to relieve them; and, in the performance of his duty, he did no more than the law required of him, and, at the time he relieved them, no facts, notice or information had come to his knowledge that would excuse him from so doing. V. S. 3171. The conversation heard by the plaintiff's overseer between the defendant's overseer and Pero in 1897 was, as found by the referee, only an expression of a desire that Pero and his family remove to the defendant town; and, if what was said on that occasion could be regarded as a notice for any purpose, the defendant, by then and there assuming the burden of the support of the paupers and thereafter supporting them in and outside of the plaintiff town, until October, 1899, waived the claimed notice. If the defendant desired to test its right, as against the plaintiff, to say where the paupers should reside and be supported, it was its duty, when the paupers moved from Orange back to the plaintiff town and there became in need of assistance, and notice of this condition was given, to notify the plaintiff of its purpose not to furnish support unless the paupers moved, or allowed themselves to be moved, to the defendant town. In the absence of such notice, the defendant is not in a position to insist upon its claimed right to have the paupers move, or allow themselves to be moved, to the defendant town for support; and there is no occasion for deciding, and we do not decide, whether a town has a right, through its overseer, to say where its paupers shall reside and be supported.

*Judgment affirmed.*